# 95 DTA 29

## TRIBUNAL DE CIRCUITO APELACIONES
## CIRCUITO REGIONAL DE PONCE Y AIBONITO - PANEL I

RADAMES PAGAN PAGAN
Recurrente

v.

TRIB. DE PRIMERA INSTANCIA
Hon. Arnaldo Irizarry Sala de Juana Díaz Juez de Distrito
Recurrido

Núm. KLCE-95-00090

San Juan, Puerto Rico, a 20 de marzo de 1995

Panel integrado por su presidente, Juez Brau Ramírez,
y los Jueces Amadeo Murga y Rodríguez Maldonado

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Mediante el presente recurso de *certiorari*, se recurre de una Resolución emitida el 21 de febrero de 1995 por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Juana Díaz, denegando una moción sobre cumplimiento alterno presentada por el recurrente, Radamés Pagán Pagán, para que se modificara la pena de cárcel impuesta al recurrente. Junto con su recurso, el recurrente presentó una moción urgente solicitando excarcelación.

Según se desprende de los documentos sometidos en apoyo del recurso, el recurrente fue acusado por los delitos de alteración a la paz (dos cargos), exposición deshonesta e infracción al artículo 258 del Código Penal (resistencia y obstrucción a la autoridad pública) por hechos ocurridos el 22 de agosto de 1992 y por los delitos de amenaza y alteración a la paz por hechos ocurridos el 31 de diciembre de 1992. Luego de la celebración de un juicio, fue absuelto del cargo de amenaza y declarado culpable de los restantes cargos. El Tribunal de instancia le impuso pena de multa de $400.00 en los cargos de alteración a la paz e infracción al artículo 258 del Código Penal del 22 de agosto de 1992 y multa de $300.00 por el cargo de alteración a la paz cometido el 31 de diciembre de 1992. Con relación al delito de exposición deshonesta, el Tribunal condenó al recurrente a pena de diez (10) díaz de cárcel.

Estas condenas fueron confirmadas por el Tribunal Superior mediante sentencia emitida el 7 de julio de 1994. Las mismas resultan finales, firmes e inapelables.

Posteriormente, el 3 de febrero de 1995, el recurrente presentó una moción sobre cumplimiento alterno solicitando al Tribunal de Instancia que modificase la pena de cárcel impuesta en el caso de exposición deshonesta. Mediante la resolución recurrida, el Tribunal de Primera Instancia denegó esta solicitud.

Este Tribunal toma conocimiento judicial de que el recurrente extinguió la pena de prisión impuéstale entre los días 8 al 14 de marzo de 1995, con la acreditación de las bonificaciones reconocidas por la Administración de Corrección. El presente recurso, de este modo, resulta académico en esta etapa.

En cualquier caso, opinamos que la solicitud del recurrente de que la pena fuese modificada resultaba del todo improcedente. Habiendo advenido final y firme la sentencia emitida por el Tribunal de Primera Instancia, el recurrente no podía solicitar la modificación de la pena impuesta por el Tribunal. Tal solicitud constituía un improcedente ataque colateral a la sentencia que ya había sido confirmada por el Tribunal Superior. A lo sumo, cualquier solicitud fundada en la salud del recurrente hubiera tenido que ser dirigida a la Administración de Corrección. El presente recurso, de este modo, resulta ser patentemente frívolo.

Por los fundamentos expresados, se deniega el auto solicitado.

El artículo 4.0002 de la Ley de la Judicatura de Puerto Rico de 1994 autoriza a este Tribunal a imponer *"la sanción económica que estime apropiada",* en caso de que una parte hubiera interpuesto un recurso en forma frívola o para dilatar los procedimientos. Se impone a la representación legal del recurrente, Lcdo. Nelson Escalona Colón, una sanción de $200.00 a favor del Estado Libre Asociado de Puerto Rico, la cual deberá ser consignada ante el Tribunal de Primera Instancia dentro de un plazo de quince (15) días a partir de la fecha en que la presente resolución hubiese advenido final y firme. El licenciado Escalona deberá notificar a este Tribunal de dicha consignación.

Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General